THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACQUELYN VAN VLACK (Formerly JACQUELYN GINSBERG), Appellant, v. IRWIN GINSBERG, Respondent.— In a habeas corpus proceeding to determine the custody of Donna Ellen Ginsberg, the infant daughter of the relator Jacquelyn Van Vlack and the defendant Irwin Ginsberg, the relator appeals from the final order of the Supreme Court, Kings County, dated January 12, 1962, made on the decision of the court after a nonjury trial, which, *inter alia,* awarded permanent custody of the infant to the defendant father, with visitation rights to the mother, and which directed that the child be reared in the Jewish faith. Order reversed on the law and the facts, without costs; and proceeding remitted to the Special Term for hearings *de novo*; for the taking of proof relating to the changes in the circumstances of the parties which have supervened since the prior hearings more than a year ago, and reflecting clearly their current circumstances; and for a determination on the basis of all the relevant issues and all the proof thus

adduced. Pending the new hearings and the new determination, the infant's custody and the visitation rights with respect to her shall continue unimpaired as presently exercised by the parties. In our opinion, the learned Justice at Special Term placed undue emphasis upon the possibility of the infant's disinheritance by her paternal grandfather in the event the child were not raised in the Jewish faith, as provided by the separation agreement between the parties. It also appears from the Justice's decision that he gave great weight to the fact that the mother (relator) had only recently remarried, and to the fact that she had established a home in Hillsdale, Columbia County, New York. He concluded that there was no assurance that the new marriage and the new home would long endure. But whether the infant was of such tender years as to require that her custody be with the mother and whether the child's religious instruction should be deferred until she attains further maturity (cf. *Begley* v. *Begley*, 13 A D 2d 961, affd. 12 N Y 2d 691) are issues which the Justice seems not to have taken into consideration. We are informed that the child's paternal grandfather died recently; but whether he made any testamentary disposition in her favor which was dependent upon her religious instruction or otherwise, does not appear. Neither does it appear what effect the grandparent's death will have with respect to the ability of the defendant father to maintain the infant in suitable living quarters with proper supervision and care. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.